**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: August 06, 2009**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re:   THE ANTIOCH COMPANY, ET AL.,<br><br>*Debtors* | Case No. 08-35741 through 08-35747<br><br>(Jointly Administered Under Case No. 08-35741)<br><br>Judge Humphrey<br>Chapter 11 |

**Decision and Order Granting Motion of Trustee of The Antioch Company
Litigation Trust for Order Pursuant to Federal Bankruptcy Rule 2004
Authorizing the Examination of Certain Entities and Persons**

This matter is before the court on the *Motion of Trustee of The Antioch Company Litigation Trust for Order Pursuant to Federal Bankruptcy Rule 2004 Authorizing the Examination of Certain Entities and Persons* (Doc. 400) (the "*Motion*"); the *Limited Response Of Reorganized Debtors To Motion Of Trustee Of The Antioch Company Litigation Trust For Order Pursuant To Federal Bankruptcy Rule 2004 Authorizing The Examination Of Certain*

*Entities And Persons* (Doc. 413) (the "*Limited Response*"); the *Memorandum in Opposition to Motion for Rule 2004 Examination*, filed on behalf of Lee Morgan, Asha Morgan Moran, Chandra Attiken and Levimo, LLC (the "*Memorandum in Opposition*") (Doc. 417); the *Trustee's Reply To Limited Response Of Reorganized Debtors To Motion Of Trustee Of The Antioch Company Litigation Trust For Order Pursuant To Federal Bankruptcy Rule 2004 Authorizing The Examination Of Certain Entities And Persons* (Doc. 415) (the "*Reply*") and the *Response of Trustee to the Antioch Company Litigation Trust to Memorandum in Opposition to Motion for Rule 2004 Examination* (Doc. 420) (collectively the "*Contested Matter*").

The court **grants** the *Motion*, with the limitations discussed below.

## Post Confirmation Rule 2004 Examinations by the Litigation Trustee are Appropriate in these Circumstances

### Background

The Antioch Company and its affiliated Chapter 11 Debtors (the "Debtors") filed a Chapter 11 petition on November 13, 2008. Without reviewing all the details of the early stages of this case, the Debtors proposed a pre-packaged plan of reorganization and an Official Unsecured Creditors Committee (the "Committee") was formed. The Committee, along with various creditors and parties in interest, objected to the original plan and negotiated, with the exception of a single objection, a consensual plan of reorganization which this court confirmed (the "Plan") (*See* Doc. 319 – *FIndings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1126 and 1129(a) and (b) and Fed. R. Bankr. P. 3020 (I) Approving the Prepetition Solicitation Procedures, (II) Approving the Adequacy of the Disclosure Statement and (III) Confirming the Second Amended Joint Prepackaged Plan of Reorganization*

*of the Antioch Company and its Affiliated Debtors (Related Document No. 25)* (the "Confirmation Order").

The Plan provided for the creation of The Antioch Company Litigation Trust (the "Litigation Trust") under The Antioch Company Litigation Trust Agreement (the "Trust Agreement"). The Trust Agreement provided for the appointment of a trustee (the "Litigation Trustee") and for the pursuit of certain potential causes of action on behalf of Allowed Class 5 Unsecured Claims and Allowed Class 7 ESOT Allocated Stock Interests, as defined in the Plan. See the Trust Agreement ¶ 1.2 (Purpose). W. Timothy Miller has been appointed as the Litigation Trustee. Pursuant to the Trust Agreement, the Debtors transferred to the Litigation Trustee the "Litigation Claims." See the Trust Agreement, p. 1. Pursuant to § 1.75 of the Plan, the "Litigation Claims" are defined as "all claims, rights of action, suits or proceedings by any Debtor or Estate, whether in law or in equity, whether known or unknown, that any Debtor or Estate may hold against any person, including all Avoidance Actions that are not Authorized Creditor Payment Avoidance Actions[1], but excluding (i) all claims, rights of action, suits or proceedings that are affirmatively released by the Debtors pursuant to this Plan and (ii) all Business Litigation Claims." See also ¶ 5.13 of the Plan (Litigation Trust).[2]

---

[1] See §§ 1.8 and 1.9 of the Plan.

[2] The definition of "Litigation Claims" is highlighted in Amended Plan Schedule 10.5 (Doc. 333), which defines Business Litigation Claims, but also includes the following language:

> "4. The Litigation Claims include all claims, rights of action, suits or proceedings by any Debtor or Estate, whether in law or in equity, whether known or unknown, that any Debtor or Estate may hold against any person, including all Avoidance Actions that are not Authorized Creditor Payment Avoidance Actions, but excluding (i) all claims, rights of action, suits or proceedings that are affirmatively released by the Debtors pursuant to this Plan and (ii) all Business

Furthermore, the Plan, the Confirmation Order, and the Trust Agreement all reserved jurisdiction of the bankruptcy court over the Litigation Trust and implementation of the Plan. Particularly, the Confirmation Order provides as follows:

> Litigation Claims. The Litigation Claims include claims against insiders and Non-insiders of the Debtors and the Non-debtor Affiliates, including, but not limited to, the following parties:
>
> Chandra Attiken; Steve Bevelhymer; Nancy Blair; Mike Boos; Greg Brasel; Anita Brown; Ben Carlson; Greg Carlson; Crowe Howarth LLP (aka Crowe Chizek and Company LLC); Ole Dam; Deloitte; Tom Dosch; Duff & Phelps; Evolve Bank &Trust Company; Karen Felix; Keith Finikin; Joseph Foster; Great Banc & Trust Company; Greg Haakonson; Ken Hartley; Robert Hill; Rose Hohensee; Barry Hoskins; Houlihan Lokey Howard & Zukin Financial Advisors, Inc.; Levimo, LLC; Cheryl Lightle; Alan Luce; Troy Lundell; MAMAMO, LLC; Malte von Matthiessen; McDermott, Will & Emery; Jeanine McLaughlin; Jill Melby; Asha Moran; Lee Morgan; Jim Northrop; Prairie Capital Advisors, Inc.; Reliance Trust Company; Trucker Huss, APC; Tom Rogers; Denis Sanan; Paul Slocombe; and Kim Wilson
>
> Such claims include, but are not limited to, the following:
>
> Actions to avoid, recharacterize or subordinate claims;
> Actions to establish a constructive or resulting trust;
> Actions for violations of ERISA;
> Aiding and abetting any of the Litigation Claims;
> Avoidance and recovery of preferential transfers;
> Breach of contract;
> Breach of duty of good faith and fair dealing;
> Breach of fiduciary duty;
> Causes of action arising under chapter 5 of the Bankruptcy Code;
> Civil conspiracy;
> Conversion;
> Fraud and/or misrepresentation under state or federal law;
> Fraudulent transfer;
> Fraudulent conveyance;
> Gross negligence;
> Indemnification;
> Intentional infliction of emotional distress;
> Insurance policy recoveries
> Negligence;
> Oppression by controlling shareholders;
> Price fixing;
> Recklessness;
> Rescission;
> Tortious interference;
> Trust fund doctrine;
> Turnover of property of the Debtors' estates;
> Unlawful distribution or waste of corporate assets; and
> Violations of the Racketeer Influenced and Corrupt Organizations Act"

Retention of Jurisdiction. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, but not limited to, the matters set forth in Article XI of the Plan.

Confirmation Order, ¶ 35, p. 40.  The Plan, Article XI, contains a very broad retention of jurisdiction provision which states, in pertinent part, as follows:

RETENTION OF JURISDICTION

Pursuant to sections 105(c) and 1142 of the Bankruptcy Code and notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court will retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and this Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

* * * *

c) ensure that distributions to Holders of Allowed Claims and Allowed Interests are accomplished pursuant to the provisions of this Plan;

* * * *

(e) enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order;

(f) resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of this Plan or any contract, instrument, release, or other agreement or document that is executed or created pursuant to this Plan, or any entity's rights arising from or obligations incurred in connection with this Plan or such documents;

* * * *

(j) hear and determine causes of action by or on behalf of the Debtors, the Reorganized Debtors, or the Litigation Trust;

* * * *

(m) determine any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement, or document created in connection with this Plan, the Disclosure Statement or the Confirmation Order;

* * * *

(r) hear and determine all matters related to the Litigation Trust;

Plan, Article XI, pp. 39-40. Finally, § 7.1 of the Trust Agreement provides that this court has continuing jurisdiction over the Litigation Trust.

The Litigation Trustee asserts that he wants to conduct the proposed BR 2004 examinations to "investigate claims contemplated by the Plan," further stating that "the Trustee needs information regarding those potential claims. The information the Trustee seeks is essential to the fulfillment of Trustee's duties under the Confirmation Order." *Motion*, ¶ 16, p. 5. The Litigation Trustee also states that: "By this Motion, the Trustee seeks a meaningful opportunity to fulfill its duties by conducting Rule 2004 examinations of individuals and entities the Committee did not previously examine and by conducting Rule 2004 examinations of individual and entities regarding the period prior to June 4, 2008." *Motion*, ¶ 8, pp. 3 –4.

Lee Morgan, Asha Morgan Moran, Chandra Attiken and Levimo, LLC[3] (the "Objecting Parties") assert through their *Memorandum in Opposition* that the proposed BR 2004 examinations of them are not appropriate. They suggest that the Litigation Trustee already

---

[3] Lee Morgan, Asha Morgan and Chandra Attiken were pre-petition officers and directors. Levimo, LLC, an asserted insider, was listed on Schedule G (Doc. 141) as having a "Sale/Leaseback Agreement for St. Cloud Properties."

6

received sufficient pre-litigation information when wearing his previous hat as counsel for the Committee. The Objecting Parties contend that information was sufficient for the Litigation Trustee to file a lawsuit in the United States District Court for the Southern District of Ohio against McDermott, Will & Emery, the Debtors' pre-petition law firm and individual lawyers from that firm (the "McDermott Litigation"), in which the Litigation Trustee asserts that the Defendants' actions constituted professional negligence. The Objecting Parties note that the Committee received "at least one million pages of documents from the Debtors, their lender and the ESOP Trustee" concerning events prior to June 2008. The Objecting Parties remind the court that the Litigation Trustee's counsel interviewed both Mr. Morgan and Ms. Morgan Moran. The Objecting Parties further point out that the Litigation Trustee appears to have reviewed information related to an ERISA complaint filed by the ESOP Trustee and certain participants of the Antioch ESOP in the United States District Court for the Northern District of Illinois, based upon the similarity of language in the ERISA complaint and the McDermott Litigation complaint.

The Objecting Parties argue that the post-confirmation BR 2004 examinations are beyond this court's jurisdiction because the Litigation Trust does not have a close nexus to the Reorganized Debtors or the Debtors' bankruptcy estates. Further, the Objecting Parties state that the BR 2004 examinations are unwarranted because they are targets of the Litigation Trustee's anticipated litigation, the examinations are a disguised effort to obtain discovery from the Objecting Parties, and the Federal Rules of Civil Procedure should apply to the Litigation Trustee's discovery efforts. The Objecting Parties further argue that, even if

the examinations were warranted, the relevancy of the examinations is outweighed by prejudice, cost and burden to the Objecting Parties.

### Legal Analysis

Preliminarily, an analysis of BR 2004 is in order. BR 2004(a) states that "[o]n motion of any party in interest, the court may order the examination of any entity." The Objecting Parties do not appear to contest and the court finds that the Litigation Trustee is a party in interest under BR 2004. Further, BR 2004(b) limits the scope of such an examination: "The examination of any entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. . . ." The general purpose of a BR 2004 examination is to review the estate's condition for the benefit of the rights of creditors. *In re Express One Int'l, Inc.*, 217 B.R. 215, 216 (Bankr. E.D. Tex. 1998). Generally, a BR 2004 examination's scope is very broad. *In re Fearn*, 96 B.R. 135 (Bankr. S.D. Ohio 1989). However, following confirmation of a Chapter 11 plan, a BR 2004 examination must relate to issues the court has jurisdiction to address post-confirmation. *Id.* at 216-17; *Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 377 (E.D. Pa. 1988).

The court considered the truncated time period prior to confirmation, that documents and information produced by other parties may not be the same documents and information sought from the Objecting Parties, and that it appears undisputed that the Objecting Parties have not directly produced any documents for the Litigation Trustee and only participated in informal interviews during the pre-confirmation period. Based upon these facts, and with the limitations and provisions placed on the Litigation Trustee's

proposed examinations by this *Decision and Order*, the court finds the Litigation Trustee has met his burden of establishing good cause for the examinations and, therefore, grants his request to proceed with the BR 2004 examinations.[4] The court finds these circumstances justify the use of the BR 2004 examinations by the Litigation Trustee as a pre-litigation investigation tool for potential actions against the Objecting Parties and other possible targets. *See Ernst & Young LLP v. Pritchard (In re Daisystek, Inc.)*, 323 B.R. 180 (N.D. Tex. 2005) (Bankruptcy court retained jurisdiction to allow a post-confirmation Chapter 11 trustee to conduct BR 2004 examinations); See also *In re Johnson*, 2007 Bankr. LEXIS 3022 (Bankr. S.D. Ohio July 23, 2007) (BR 2004 examination is normally a pre-litigation device) and *Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 204 (S.D. Ohio 1992) (BR 2004 examination appropriate to determine whether a potential plaintiff has grounds under 11 U.S.C. § 523(d) and BR 9011 for filing an action).

Further, while the Litigation Trustee may have received helpful information from the McDermott Litigation, any causes of action against the Objecting Parties may overlap with that litigation or may concern separate causes of action.   From the court's perspective at this time, the nature of any causes of action and the specific claims, if any, that the Litigation Trustee may pursue in this court or elsewhere against the Objecting Parties or others are speculative and the court will not speculate as to what claims might be brought, against

---

[4] In response to the Objecting Parties' request (Doc. 417, n. 2), the court reviewed again the sealed documents filed by the Committee on January 7, 2009 (Doc. 280) related to the Committee's objection to the originally proposed plan of reorganization.   While the documents certainly reference the Committee's serious concerns over asserted actions by pre-petition directors and officers, among others, it does not suggest the Committee's truncated pre-confirmation discovery is an adequate substitute for a detailed BR 2004 examination of the Objecting Parties and other potential targets of the Litigation Trustee.

9

whom, in what forum, and whether this court would have jurisdiction to hear any such claims.

The court concludes that it has jurisdiction to authorize the BR 2004 examinations. The Objecting Parties argue, that the Litigation Trust is not related to the Debtors' estates and the court lacks jurisdiction to order the BR 2004 examinations of the Objecting Parties. Nevertheless, the court finds that the relationship of the Litigation Trust to the impaired interests in these Chapter 11 cases is sufficient for the BR 2004 examinations to proceed. While the Reorganized Debtors will not benefit from the actions of the Litigation Trustee on behalf of the Litigation Trust, the intent of the Trust Agreement is to benefit impaired creditors and equity holders of the Debtors' estates and provide a further avenue for potential recovery. The Litigation Trust received, by direct transfer through the Plan, assets of the Debtors' bankruptcy estates.

The court finds the facts from the decisions cited by the Objecting Parties are distinguishable from the facts of this case. In *Cinderella Clothing*, the court recognized that it had post-confirmation jurisdiction over BR 2004 examinations in general, but determined that it lacked jurisdiction over the proposed examinations of certain individuals because those exams were time-barred under 11 U.S.C. § 1144. The court did not address the issue of a post-confirmation trust that specifically reserved the court's jurisdiction. Similarly, *In re Carmelo Bambace, Inc.*, 134 B.R. 125 (Bankr. S.D.N.Y. 1991) does not discuss a post-confirmation trust.

The Objecting Parties rely heavily on *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154 (3rd Cir. 2004), a decision concerning a post-confirmation

10

trust. In *Resorts*, the Third Circuit determined the bankruptcy court lacked jurisdiction over an adversary proceeding against an accounting and tax firm filed by a Chapter 11 post-confirmation litigation trustee. Aside from the fact this decision does not address BR 2004 examinations at all, the case does not avail the Objecting Parties because it stands for the proposition that a bankruptcy court lacks jurisdiction over claims that arise <u>post-confirmation</u> against professionals or other third-parties hired by the litigation trustee. Without expressing any opinion on this separate legal question, the court notes *Resorts* never addressed the analogous situation to the Litigation Trust – the bankruptcy court's jurisdiction over causes of action that arose prepetition and that have been assigned by a debtor to a post-confirmation trust through a plan that specifically reserves jurisdiction for the bankruptcy court and was intended to benefit the creditors and former equity holders of the Debtors' estates (i.e. Classes 5 and 7).

      The Objecting Parties also cite *Federalpha Steel LLC Creditors' Trust v. Federal Pipe & Steel Corp. (In re Federalpha Steel LLC)*, 341 B.R. 872 (Bankr. N.D. Ill. 2006) to support their argument. However, that decision is based on the Seventh Circuit's restrictive view of "related to" jurisdiction. *Id.* at 880. The Sixth Circuit has a broader view of "related to" jurisdiction and encompasses, at a minimum, the BR 2004 examinations the Trustee has requested. See generally *In re Dow Corning Corp.*, 86 F.3d 482, 490-98 (6th Cir. 1996) (discussing the "related to" jurisdiction of the bankruptcy courts).

      Finally, a BR 2004 examination "should not be so broad as to be more disruptive and costly to the party sought to be examined than beneficial to the party seeking discovery." *Fearn*, 96 B.R. at 138. *See also* Hammond, 140 B.R. at 201 (Court must balance the examiner's

interest against the burden and cost of disclosure).  With the limitations set forth in this *Decision and Order*, the court finds that the Litigation Trustee's proposed examinations meet that standard.  Cognizant of the limited funds of the Litigation Trust, the Litigation Trustee has stated in his *Motion* that, to the extent document production produces sufficient information to complete the investigation, oral examinations of the Objecting Parties may not be required and the Litigation Trustee has agreed not to pursue documents that were already obtained through his pre-confirmation investigation as Committee counsel.

Due to the fact that potential BR 2004 examinees were not served with the *Motion* and to protect parties from unnecessary disruption and prejudice, this ruling is subject to the limitations provided below.

**Procedural Issues and Limitations in Conducting the BR 2004 Examinations**

The court notes that the *Motion* was not served on all of the individuals from whom information will be requested by the Litigation Trustee.[5]  This was one of the concerns raised by the Reorganized Debtors in their *Limited Response*.  In response to that concern, the Litigation Trustee asserted in footnote 2 of his *Reply* that he will serve those persons with "appropriate discovery requests", but not the *Motion*, only if the court grants his *Motion*.  Local Bankruptcy Rule 9013-3(b) provides in pertinent part that: "Unless the court orders otherwise, and unless specifically limited or expanded by a Rule or other local bankruptcy rule, every pleading, application, motion, or other paper or document filed, other than a proof of claim, shall be served upon the debtor, the debtor's case attorney, the trustee, the United States Trustee, each committee appointed pursuant to the Code, **upon any party**

---

[5]  See Doc. 416, Exhibit A.

**directly affected by the relief sought**, and upon any party who specifically requested notice." (emphasis added). The court further notes that there is no pending adversary proceeding under Bankruptcy Rule 7001 et seq. or contested matters under Bankruptcy Rule 9014 involving the individuals from whom the Litigation Trustee may be seeking information.

Based upon the filings made by the Litigation Trustee, the Reorganized Debtors and the Objecting Parties, the court hereby **FINDS and ORDERS** the following:

1. The *Motion* is granted as limited by this Order.

2. The Litigation Trustee may conduct BR 2004 examinations as to all the Objecting Parties.

3. As to the other individuals, The Litigation Trustee may proceed with the 2004 examination process as proposed in the *Motion* and *Reply* on a voluntary process, including (without limiting the methods by which the Litigation Trustee obtains the information as long as such vehicle is an appropriate method of securing information) sending out any written requests for information (including requests for documents, records, and data), conducting of any interviews, and conducting of any recorded oral 2004 examinations without subpoenas. The Litigation Trustee shall not issue any subpoenas to nor serve any formal discovery requests upon any persons not served with the *Motion.*

4. To the extent that the Litigation Trustee does not secure the voluntary prompt assistance from the individuals whom the Litigation Trustee is requesting information after reasonable efforts are made to resolve any concerns that such individual may have with the Litigation Trustee's requests, the Litigation Trustee shall file a specific motion or omnibus motion as to the particular individual(s) from whom information is needed and shall serve

such person or persons with the motion(s). To expedite such matters, if the Litigation Trustee desires, the Litigation Trustee is encouraged to obtain a hearing date from the Court's Courtroom Deputy in advance of filing any such motion so that the Litigation Trustee may notice the hearing on the motion at the time it is filed. The Litigation Trustee may shorten the notice and response period on any such motion to ten (10) days provided that the Litigation Trustee promptly serves the motion and notice of hearing on any such individual, including by email or facsimile on any known or reasonably obtainable email address or facsimile number. The Litigation Trustee's motion shall set forth the efforts that the Litigation Trustee made in resolving any dispute with the individual(s) regarding obtaining the needed information. Any person objecting to the Litigation Trustee's motion shall file a response detailing its objection to the Litigation Trustee's requests and its efforts made in resolving any dispute with the Litigation Trustee as to providing the information requested.

5. All persons who may be involved in the 2004 examination process being pursued by the Litigation Trustee are encouraged to fully cooperate with the Trustee. In addition, the Litigation Trustee and all individuals involved in the 2004 examination process are encouraged to use all reasonable efforts to conserve resources, including individuals' time and expense, and to avoid any unnecessary duplication.

6. This Order may be provided by the Litigation Trustee to all individuals from whom information is requested by the Litigation Trustee.

**IT IS SO ORDERED.**

c:

Sean D. Malloy and Michael J. Kaczka, McDonald Hopkins LLC, 600 Superior Ave East, Suite 2100, Cleveland, OH 44114-2653 (Co-Counsel for the Reorganized Debtors)

Chris L. Dickerson and Rena M. Samole, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Suite 2700, Chicago, Illinois 60606-1720 (Co-Counsel for the Reorganized Debtors)

W. Timothy Miller, 1800 Star Bank Center, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202 (Litigation Trust Trustee)

Marcia V. Andrew, Aaron M. Herzig, Beth A. Silvers, and Christina L. Fischer, 425 Walnut Street, Suite. 1800, Cincinnati, Ohio 45202 (Counsel for the Litigation Trust Trustee)

Robert Sanker, Michael L. Scheier and Brian P. Muething, One East Fourth Street, Suite 1400, Cincinnati, Ohio 45202 (Counsel for Lee Morgan, Asha Morgan Moran, Chandra Attiken and Levimo, LLC).

Mary Anne Wilsbacher, U.S. Trustee Office, 170 North High Street, Suite 200, Columbus, OH 43215 (Assistant United States Trustee)

Jeremy Shane Flannery, Office of the United States Trustee, 170 North High Street, Suite 200, Columbus, OH 43215 (Counsel for the United States Trustee)

###